JUDGE RAKOFF                    07 CV 3251

                                            APR 23 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PALKINO SHIPPING LTD.,                    :

          Plaintiff,                         :

   - against -                              :   ECF CASE

EMMSONS INTERNATIONAL LTD.                :

          Defendant.                         :
------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, PALKINO SHIPPING LTD. (hereinafter referred to as "Plaintiff" or "PALKINO"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, EMMSONS INTERNATIONAL LTD., (hereinafter referred to as "Defendant" or "EMMSONS"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Cyprus with a principal place of business at 41 Them. Davis Street, 8th Floor, Office 807, Nicosia, Cyprus and was, at all material times, the disponent owner of the M/V "ALTIS" (hereinafter referred to as the "Vessel").

    3.    Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with a principal place of business at 101, South Deli House, 12, Zamrudpur Centre, Kailash Colony, New Delhi, India 110 048 and was at all material times the charterer of the Vessel.

4. By a charter party dated December 5, 2001, the Plaintiff chartered the Vessel to the Defendant for voyage from Kandla, India to Lagos, Nigeria with a cargo of 15,000 tons of bagged rice.

5. During the course of the voyage, certain disputes arose between the Plaintiff and Defendant.

6. The charter party provided that any disputes arising thereunder shall be referred to arbitration in the city of London with English law to apply.

7. Plaintiff commenced arbitration proceedings before a sole arbitrator against Defendant in London, pursuant to the charter party contract's arbitration clause, and asserted a principal claim in the sum of $136,159.14 against Defendant.

8. By final award dated December 6, 2004 the arbitrator awarded Plaintiff the sum of $136,159.14, with compound, quarterly interest at the rate of 3.5% per annum from April 1, 2002 to the date of payment. The arbitrator also awarded Plaintiff the costs of the award in the sum of £4,400 (converted to $8,015.79), with compound quarterly interest at the rate of 6.75% per annum from December 6, 2004 to the date of payment.

9. By separate award dated November 25, 2005, the arbitrator also awarded Plaintiff its costs (legal fees) in the sum of €37,615.78 (converted to $51,157.47), with compound, quarterly interest thereon at the rate of 4% per annum from December 6, 2004 until the date of payment. The arbitrator also awarded Plaintiff the costs of the award in the sum of £2,650 (converted to $5,298.94) with compound quarterly interest at the rate of 6.5% per annum from November 25, 2006 to the date of payment.

10. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the arbitration awards.

11. Plaintiff is entitled to judgment on the two final awards as follows:

| | | |
|---|---|---|
| A. | On the principal claim: | $136,159.14 |
| B. | Interest on the principal claim at 3.5% compounded quarterly from 4/1/2002: | $29,980.88 |
| C. | Costs of the 12/6/2004 Award | $8,798.90 |
| D. | Interest on Costs of Award at 6.75% compounded quarterly from 12/6/2004: | $1,260.43 |
| E. | Costs/legal fees | $51,157.47 |
| F. | Interest on Costs/Legal fees at 4% compounded quarterly from 12/6/2004 | $4,238.74 |
| G. | Costs of the 11/25/2005 Award | $5,298.94 |
| H. | Interest on Costs of Award at 6.5% compounded quarterly from 11/25/2005 | $352.92 |
| | **Total:** | **$237,247.42** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by

any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

14. The Plaintiff also seeks an order from this Court recognizing, confirming and enforcing the London arbitration awards in Plaintiff's favor pursuant to 9 U.S.C. §§201 et seq.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$237,247.42.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$237,247.42** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other ganishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm the London arbitration awards in Plaintiff's favor against the Defendant as a judgment of this Court;

      D.      That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

      E.      That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: April 23, 2006
       New York, NY

                            The Plaintiff,
                            PALKINO SHIPPING LTD.

                            By: _____
                            Patrick F. Lennon (PL 2162)
                            Nancy R. Peterson (NP 2871)
                            TISDALE & LENNON, LLC
                            11 West 42nd Street, Suite 900
                            New York, NY 10036
                            (212) 354-0025 – phone
                            (212) 869-0067 – fax
                            plennon@tisdale-lennon.com
                            npeterson@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an associate in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      Southport, Connecticut
            April 23, 2007

                                          _____
                                          Patrick F. Lennon