UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
PALKINO SHIPPING, LTD.                         :
    Plaintiff,                                        :   07 CV 3251 (JSR)
:
- against -                                                :   **ANSWER AND**
:   **AFFIRMATIVE**
EMMSONS INTERNATIONAL LTD.         :   **DEFENSES**
    Defendants.                                   :
:
:
------------------------------------------------------------x

Defendant, Emmsons International Ltd., by and through their attorneys, FOX HORAN AND CAMERINI LLP, answers the Verified Complaint of Plaintiff upon information and belief as follows:

1. Admits the allegations contained in Paragraph "1" of Plaintiff's Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3. Admits the allegations contained in Paragraph "3" of Plaintiff's Verified Complaint.

4. Denies the allegations set forth in Paragraph "4" of Plaintiff's Verified Complaint.

5. Denies knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph "5" of Plaintiff's Verified Complaint.

6. Denies the existence of a charter party between the parties and therefore denies the allegations contained in Paragraph "6" of Plaintiff's Verified Complaint.

7. Denies the existence of a charter party between the parties and therefore denies that the arbitration in London was "pursuant to the charter party contract's arbitration clause", but admits the remaining allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8. Admits the allegations set forth in Paragraph "8" of Plaintiff's Verified Complaint, but asserts that the Arbitrator was without jurisdiction to enter the purported award against Defendant.

9. Admits the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint, but asserts that the Arbitrator was without jurisdiction to enter the purported award against Defendant.

10. Admits that Defendant has refused to pay the amounts demanded by Plaintiff as alleged in Paragraph "10" of Plaintiff's Verified Complaint, but denies that any such demands are due under the purported arbitration awards or otherwise.

11. Denies the allegations contained in Paragraph "11" of Plaintiff's Verified Complaint.

12. Admits that Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure but denies the

remaining allegations contained in Paragraph "12" of Plaintiff's Verified Complaint.

13. Paragraph "13" of Plaintiff's Verified Complaint consists of a statement of relief sought by Plaintiff, and does not require an answer; to the extent that the allegations contained in Paragraph "13" require an answer, they are denied.

14. Paragraph "14" of Plaintiff's Verified Complaint consists of a statement of relief sought by Plaintiff, and does not require an answer; to the extent that the allegations contained in Paragraph "14" require an answer, they are denied.

## AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE AMENDED VERIFIED COMPLAINT, DEFENDANT ALLEGES UPON INFORMATION AND BELIEF

15. The Defendant, Emmsons International Ltd., repeats and restates all allegations made herein in paragraphs 1 through 14 and same are incorporated herein as if fully set forth.

### *First Separate and Complete Affirmative Defense*

16. The Verified Complaint fails to state a claim against the Defendant upon which relief may be granted.

### *Second Separate and Complete Affirmative Defense*

17. This Court lacks personal jurisdiction over the Defendant.

### *Third Separate and Complete Affirmative Defense*

18. The attachment and/or restraint of any of the Defendant's property within the Southern District of New York did not comport with Supplemental Rule B and, or otherwise, should be vacated.

19. The attachment and/or restraint of any of Electronic Funds Transfers being made to or from the Defendant through clearing banks within the Southern District of New York is contrary to the principles of due process and, or otherwise, should be vacated.

20. The EFT transfers presently being restrained by garnishees within this district are not property subject to a Rule B Process of Maritime Attachment and Garnishment and, or otherwise, should be vacated.

21. This Court lacks *quasi in rem* jurisdiction over the Defendants' property

### *Fourth Separate and Complete Affirmative Defense*

22. This forum is inconvenient and Plaintiff's Verified Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### *Fifth Separate and Complete Affirmative Defense*

23. Plaintiff herein has failed to mitigate its damages.

**WHEREFORE,** Defendant demands judgment:

a) That the Verified Complaint be dismissed and that judgment be entered in favor of Defendant;

b) That this Court's <u>Ex Parte</u> Order for Process of Maritime Attachment be dissolved and vacated;

c) That this Court enter an Order directing all garnishees holding property of Defendant to release said property to the Order of the Defendant;

d) That this Court enter an Order awarding Defendant its legal expenses and attorneys' fees incurred in defending the present action; and,

e) That this Court provide for such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.

Dated: New York, New York
June 5, 2007

Respectfully submitted,

Fox Horan & Camerini LLP

Attorneys for Defendant,

By: _____
Eric Lindquist, a partner (EL4305)
825 Third Avenue
New York, New York  10022
Tel. (212) 480-4800
Fax  (212) 269-2383
elindquist@foxlex.com